IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS W. ROUGEAU,

        Plaintiff,                 No. 2:11-cv-1708-JFM (PC)

   vs.

GARY SWARTHOUT, Warden,

        Defendant.         ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).[1] Accordingly, the request to proceed in forma pauperis will be granted.

/////

---

[1] By order filed July 26, 2011, plaintiff was ordered to file an affidavit explaining discrepancies between his in forma pauperis application and the prison trust account statement appended thereto. Plaintiff filed the required affidavit on August 8, 2011. Good cause appearing, plaintiff's in forma pauperis application is deemed supplemented by the August 8, 2011 affidavit.

1

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355

1  U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must
2  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
3  factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,
4  id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the
5  defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson
6  v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn
7  quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this
8  standard, the court must accept as true the allegations of the complaint in question, Erickson, id.,
9  and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416
10 U.S. 232, 236 (1974).

11         Plaintiff's complaint contains the following allegations.  He has been diagnosed
12 with obstructive sleep apnea and snores extremely loudly.  As a consequence, he has been
13 attacked by his cellmates and he does not get proper sleep because his cellmates constantly wake
14 him up.  He seeks injunctive relief in the form of an order requiring prison officials to assign him
15 to a single cell.  The sole defendant named in the complaint is Gary Swarthout, Warden of
16 California State Prison-Solano.  The Civil Rights Act under which this action was filed provides
17 as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

21 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
22 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
23 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
24 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
25 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
26 /////

3

1 omits to perform an act which he is legally required to do that causes the deprivation of which
2 complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3        Moreover, supervisory personnel are generally not liable under § 1983 for the
4 actions of their employees under a theory of respondeat superior and, therefore, when a named
5 defendant holds a supervisorial position, the causal link between him and the claimed
6 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
7 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
8 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel
9 in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
10 Cir. 1982).

11        There are no allegations against Warden Swarthout in the complaint, nor is
12 Warden Swarthout's personal involvement in the events complained of suggested by the exhibits
13 appended to the complaint.[2]  For that reason, the complaint does not comply with the
14 requirements of the Federal Rule of Civil Procedure.  Although the Federal Rules adopt a flexible
15 pleading policy, a complaint must give fair notice and state the elements of the claim plainly and
16 succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff
17 must allege with at least some degree of particularity overt acts which defendants engaged in that
18 support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.
19 R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file
20 an amended complaint.

21        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
22 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
23 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
24 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

---

[2] Exhibits appended to a complaint are a part thereof for all purposes.  See Fed. R. Civ. P. 10(c).

there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to /////

1  file an amended complaint in accordance with this order may result in the dismissal of this
2  action.
3  DATED: August 30, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
roug1708.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS W. ROUGEAU.

    Plaintiff,                                   No. 2:11-cv-1708 JFM (PC)

    vs.

GARY SWARTHOUT, Warden,                      NOTICE OF AMENDMENT

    Defendant.
_____/

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____        Amended Complaint

DATED:

                                                                                Plaintiff