IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS W. ROUGEAU,

    Plaintiff,                    No. 2:11-cv-1708-JFM (PC)

    vs.

GARY SWARTHOUT, Warden,      <u>ORDER AND</u>

    Defendant.                <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's first amended complaint, filed September 22, 2011. Plaintiff claims that the four defendants named in his first amended complaint are violating his Eighth Amendment rights by failing to protect him from a substantial risk of harm he faces caused by his excessive snoring, which is the result of obstructive sleep apnea. The matter is before the court on defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

STANDARDS FOR A MOTION TO DISMISS

        Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as

true the allegations of the complaint in question, <u>Erickson v. Pardus</u>, 551 U.S. 89, 127 S.Ct. 2197 (2007), and construe the pleading in the light most favorable to the plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 554 (2007). However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" <u>Erickson</u>, 551 U.S. 89, 127 S.Ct. at 2200 (quoting <u>Bell Atlantic</u> at 554, in turn quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957).

## ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

Plaintiff's amended complaint contains the following allegations. On March 18, 2008, plaintiff was diagnosed with obstructive sleep apnea. First Amended Complaint, filed September 22, 2011, at 4. The condition causes him to snore very loudly. <u>Id</u>. As a result, he has suffered several attacks and is not getting the proper sleep. <u>Id</u>. On April 16, 2008, he was issued a C-PAP machine, and the machine was adjusted on October 4, 2008, but the machine has not helped his snoring. Plaintiff has been told by a doctor that "they do not do surgery for obstructive sleep apnea . . . to stop . . . snoring." <u>Id</u>. at 3. He seeks an order requiring defendants to provide him with a single cell. <u>Id</u>.

Exhibits appended to the first amended complaint, show, <u>inter alia</u>, that plaintiff filed a petition for writ of habeas corpus in the Solano County Superior Court seeking single cell placement. That petition was denied by the superior court on January 14, 2011. Subsequent petitions filed in the California Court of Appeal for the First Appellate District and the California Supreme Court were denied by orders filed February 3, 2011 and April 13, 2011, respectively.

## DEFENDANTS' MOTION TO DISMISS

Defendants seek dismissal of this action on the grounds that (1) plaintiff's claims are barred by res judicata, collateral estoppel, and the *Rooker-Feldman* doctrine (2) plaintiff has

1 failed to allege any misconduct by defendant Swarthout; and (3) defendants Rallos and Walker
2 were not deliberately indifferent to any serious medical need.  For the reasons set forth infra, this
3 action is barred by the doctrine of res judicata.  The court will not, therefore reach defendants'
4 remaining arguments.
5          Under the doctrine of res judicata, "'[a] final judgment on the merits bars a
6 subsequent action between the same parties or their privies over the same cause of action.'"  The
7 Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1398 (9th Cir. 1992), quoting Davis & Cox v.
8 Summa Corp., 751 F.2d 1507, 1518 (9th Cir. 1985).  The doctrine of res judicata consists of two
9 concepts, issue preclusion, or collateral estoppel, and claim preclusion.  Migra v. Warren City
10 School District Board of Education, 465 U.S. 75, 77 n.1 (1984).  "Issue preclusion refers to the
11 effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided."
12 Id.  "Claim preclusion bars the assertion of any theory of recovery that could have been asserted
13 in the first action."  Fund for Animals, at 1398, citing Robi v. Five Platters, Inc., 838 F.2d 318,
14 322 (9th Cir. 1988).
15          The Ninth Circuit has held that a prior judgment in a state habeas proceeding may
16 have res judicata effect in a subsequent § 1983 action if the state habeas court afforded "a full
17 and fair opportunity for the issue to be heard and determined under federal standards."  Silverton
18 v. Dept. of Treasury, 644 F.2d 1341, 1345-47 (9th Cir. 1981).  When a state court judgment is the
19 source of the claimed res judicata, 28 U.S.C. § 1738 provides that "a federal court must give the
20 state court judgment the same full faith and credit as it would be entitled to in the courts of the
21 state in which it was entered."  Allen v. McCurry, 449 U.S. 90, 96 (1980).
22          Under California law, the application of res judicata depends upon three factors:
23 (1) whether there is a final judgment on the merits in the earlier proceeding; (2) whether the
24 claims made in the subsequent action were litigated and decided in the first proceeding, or could
25 have been; and (3)  whether the parties against whom the principle is invoked were parties to the
26 /////

first adjudication or are in privity with such parties. Bernhard v. Bank of America Nat. Trust & Savings Assn., 19 Cal. 2d 807 (1942).

The concept of res judicata as applied in California also focuses on the "primary right" involved.

> [i]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery.

Eichman v. Fotomat Corp., 147 Cal.App.3d 1170, 1174 (1983). If the same primary right is involved in two actions, judgment in the first bars consideration of all matters that were raised or could have been raised in the first suit. Id. at 1175.

Review of the state habeas corpus petitions filed by plaintiff show that each state petition involved the same alleged injury to plaintiff and the same alleged wrong by defendants. See Exs. A, C, and E to Defendants' Request for Judicial Notice (RJN), filed July 30, 2012.[1] Each state court action therefore involved the same primary right as is at stake in this action. The state superior court and the state court of appeal denied the petitions on the merits. See Exs. B and D to RJN.[2] Plaintiff was a party to the state court proceedings, and he was given a full and fair opportunity to air his claims. Since plaintiff lost in the state courts, defendants may invoke principles of collateral estoppel against him even though they were not parties to that action. See Blonder-Tongue Labs. v. University Foundation, 402 U.S. 313 (1971).

For all of the foregoing reasons, this action is barred by res judicata. For that reason, defendants' motion to dismiss should be granted.

/////

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980). Defendants' request for judicial notice will be granted.

[2] The California Supreme Court apparently denied the petition filed in that court for failure to exhaust administrative remedies. See Ex. F to RJN.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to assign this action to a United States District Judge;

2. Defendants' July 30, 2012 request for judicial notice is granted; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' July 30, 2012 motion to dismiss be granted; and

2. This action be dismissed as barred by res judicata.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 23, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

12
roug1708.mtd